**BLD-143**                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1236
_____

IN RE: CHARLES E. SMITH,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-17-cv-00427)
District Judge: Honorable Yvette Kane

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 9, 2018

Before: RESTREPO, BIBAS and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 14, 2018)
_____

OPINION[*]
_____

PER CURIAM

   In March 2017, Charles E. Smith filed a petition pursuant to 28 U.S.C. § 2254 in

the United States District Court for the Middle District of Pennsylvania. By order and

memorandum entered on April 28, 2017, the District Court dismissed Smith's § 2254

petition without prejudice because there were ongoing state court proceedings, and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

declined to issue a certificate of appealability.  On May 17, 2017, Smith filed a motion

for reconsideration of the District Court's April 28, 2017 order.[1]  On January 17, 2018,

Smith filed an addendum to his motion for reconsideration, further expanding on his

habeas claims.  Smith now seeks a writ of mandamus directing the District Court to act

on his motion for reconsideration and addendum as the motion for reconsideration was

"filed with the District Court over 8 months ago."  Smith has also filed motions to

proceed in forma pauperis and to be relieved from the obligation to supply an inmate

account statement.

Smith's motions to proceed in forma pauperis and to be relieved from the

obligation to supply an inmate account statement are granted.  For the reasons set forth

below, we will deny the petition for mandamus.

Mandamus is a drastic remedy available in only the most extraordinary

circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).

"A petitioner seeking the issuance of a writ of mandamus must have no other adequate

means to obtain the desired relief, and must show that the right to issuance is clear and

indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  As a general rule,

"matters of docket control" are within the discretion of the District Court.  In re Fine

Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  Nonetheless, an appellate court

may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a

---

[1] On July 29, 2017, Smith filed a notice of appeal.  The appeal is stayed pending
disposition of his motion for reconsideration in the District Court.

failure to exercise jurisdiction." <u>Madden</u>, 102 F.3d at 79. Smith cannot satisfy this standard.

While an eight-month delay in the resolution of Smith's motion for reconsideration may cause some concerns, we do not believe that the delay in ruling on motion is so lengthy that it is "tantamount to a failure to exercise jurisdiction." <u>See</u> <u>id.</u> (holding that delay of over five months was "of concern," though not yet a denial of due process); <u>see also</u> <u>Johnson v. Rogers</u>, 917 F.2d 1283, 1285 (10th Cir. 1990) (holding that mandamus relief was appropriate after a delay of fourteen months due only to docket congestion). Moreover, in light of the fact that Smith has now filed an addendum for the District Court's review, we are confident that the District Court will rule on the motion for reconsideration and addendum without undue delay.

Accordingly, we will deny Smith's petition, but without prejudice to his filing another in the event the District Court does not rule on his motion within 60 days.